THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ISSAM DAAS SUAOUD, <br><br> Plaintiff, <br><br> v. <br><br> CAESARS BALTIMORE MANAGEMENT COMPANY, LLC, *et al.*, <br><br> Defendants. | Civil Action No.: 1:17-cv-00899- JMC |

## DEFENDANT CBAC BORROWER, LLC'S ANSWERS TO PLAINTIFF'S INTERROGATORIES

Defendant, CBAC Borrower, LLC ("CBAC"), by its attorneys, Robert L. Hebb, James O. Spiker IV and Semmes, Bowen & Semmes, answers the Interrogatories previously propounded by Plaintiff.

The word usage and sentence structure is that of the attorneys and do not purport to be the exact language of the executing party. These Answers to Interrogatories are not based solely upon knowledge in the possession of the executing party, but are also based upon knowledge in the possession of this party's agents, servants, employees and attorneys, unless privileged.

## ANSWERS TO INTERROGATORIES

**INTERROGATORY NO. 1:** State your full name, all addresses where you reside, your date of birth and the name and address of all individuals who provided factual information responsive to these interrogatories, further identifying such individuals by the interrogatory for which factual information was provided.

1

**ANSWER:** CBAC Borrower, LLC. Individuals who provided factual information concerning the underlying facts of this matter are identified in Answer to Interrogatory No. 4, below.

**INTERROGATORY NO. 2:** If you contend that you have been improperly identified in the Complaint, state your correct identification.

**ANSWER:** Defendant objects on grounds that this Interrogatory improperly attempts to have Defendant interpret and speculate as to how Plaintiff's counsel has "identified," "improperly identified," or otherwise characterized Defendant in the First Amended Complaint. Without waiving this objection, Defendant states that CBAC is the owner of Horseshoe Casino with its principal place of business is in Las Vegas, Nevada.

**INTERROGATORY NO. 3:** Identify any persons or entities whom you contend are needed for a just adjudication of this dispute, but have not been named as parties by Plaintiff.

**ANSWER:** Defendant objects on grounds that this Interrogatory improperly seeks that Defendant draw a legal conclusion as to which entities are required to litigate Plaintiff's own causes of action. As such, this Interrogatory improperly seeks attorney work-product and theory.

**INTERROGATORY NO. 4:** Identify all persons who are likely to have personal knowledge of any fact alleged in the Complaint or in your Answer to the Complaint, and state the subject matter of the personal knowledge possessed by each such person.

**ANSWER:** Casino patron Natasha Ann Hunter (4926 Frankford Avenue, Baltimore, Maryland 21206) reported the theft of her slot machine payout ticket on the early morning of December 26, 2016. Daniel Walker (1205 Middleborough Road, Baltimore, Maryland 21225) was the on-duty Surveillance Lead. Mr. Walker reviewed surveillance video and made a good-faith identification of Plaintiff as being involved in the theft of the slot machine payout ticket. Mr. Walker alerted John Falcon Pileri. Mr. Pileri (5637 Govane Avenue, Baltimore, Maryland

21212) was the on-duty Security Supervisor. Mr. Pileri, accompanied by another staff member, approached Plaintiff on the casino floor. Defendant is undertaking an investigation to learn of the identity of the other staff member. Plaintiff was requested to go to the command center, and he voluntarily complied. While in the command center, Briana Quarles (2 S. Woodington Road, Apt. G3, Baltimore, Maryland 21229), the on-duty Security Dispatcher, called the Baltimore City Police and Baltimore City Police Department Officer Franklin Gaskins (contact information unknown) arrived. It was determined that Plaintiff had been misidentified and the staff apologized to Plaintiff for the mistake.

**INTERROGATORY NO. 5:** Identify all persons who were witnesses to the incident referred to in the complaint and state their location at the time of the incident referred to in the complaint.

**ANSWER:** Defendant objects to the extent that this Interrogatory seeks the identification of "*all persons.*" Without waiving this objection, *see* the Answer to Interrogatory No. 4, above.

**INTERROGATORY NO. 6:** Give a complete statement of facts as to how you contend that the incident referred to in the complaint took place.

**ANSWER:** Defendant objects to the extent that this Interrogatory seeks a "*complete statement of facts.*" Without waiving this objection, *see* the Answer to Interrogatory No. 4, above. Defendant reserves the right to supplement this Answer as discovery is ongoing.

**INTERROGATORY NO. 7:** What are the full names, home addresses, telephone numbers and email addresses of the two individuals identified as John Doe No. 1 and John Doe No. 2 in the Complaint?

**ANSWER:** *See* Answer to Interrogatory No. 4, above.

**INTERROGATORY NO. 8:** What is the full name, home address, telephone number and email address of the female who placed the telephone call to Baltimore 9-1-1?

ANSWER: *See* Answer to Interrogatory No. 4, above.

**INTERROGATORY NO. 9:** If you contend that the individuals identified in your answer to Interrogatories No. 7 and No. 8 were not, at all relevant times, your agents and or employees, state concisely the facts upon which you rely.

**ANSWER:** The John Doe Defendants were employed by Caesars Baltimore Management Company, LLC, which is an agent of the owner, CBAC.

**INTERROGATORY NO. 10:** Identify all photographs, videotapes, plats, diagrams, or other depictions of the scene or of things connected with the incident referred to in the complaint that are in your possession.

**ANSWER:** Defendant objects on grounds that a request for "*things connected with the incident*" is vague, calls for speculation, and fails to describe with reasonable particularity the information being sought. Without waiving this objection, Defendant states that it is in possession of video of the person who took the slot machine payout ticket that is the subject of the Complaint.

**INTERROGATORY NO. 11:** If you have knowledge of any person carrying on an insurance business that might be liable to satisfy part or all of a judgment that might be entered in this action or to indemnify or reimburse the payments made to satisfy the judgment, identify that person and state the applicable policy limits of any insurance agreement under which the person might be liable, and describe any question or challenge raised that relates to coverage for this action. This interrogatory specifically requires you to provide information about all insurance that might be required to indemnify you and includes, but is not limited to automobile insurance, excess or umbrella liability coverage, and commercial general liability policy of a related business.

**ANSWER:** (Answer omitted as per Plaintiff's counsel's letter of May 17, 2017.)

**INTERROGATORY NO. 12:** Identify each person whom you expect to call as an expert witness at trial, state the subject matter on which the expert is expected to testify, state the substance of the findings and opinions to which the expert is expected to testify and a summary of the grounds for each opinion, and, with respect to an expect [sic] whose finding and opinions were acquired in anticipation of litigation or for trial, summarize the qualifications of the expert, state the terms of the expert's compensation, and attach to your answers any available list of publications written by the expert and any written report made by the expert concerning the expert's findings and opinions.

**ANSWER:** (Answer omitted as per Plaintiff's counsel's letter of May 17, 2017.)

**INTERROGATORY NO. 13:** If you contend that a person not a party to this action caused or contributed to the occurrence, identify each such person and state concisely the facts upon which your [sic] rely.

**ANSWER:** No such contention.

**INTERROGATORY NO. 14:** If you contend that any party to this action caused or contributed to the incident referred to in the complaint, state concisely the facts upon which you rely.

**ANSWER:** No such contention.

**INTERROGATORY NO. 15:** State whether you have possession or knowledge of any recordings or transcripts of testimony in any proceeding arising out of the incident referred to in the complaint and, if so, state the date and subject matter and identify each person who recorded the testimony and the custodian of each recording or transcript.

**ANSWER:** Defendant is unaware of any "testimony in any proceedings."

**INTERROGATORY NO. 16:** For each affirmative defense that you are asserting, please identify the defense and specifically set forth all of the facts and evidence that you intend to use to support such defense; also, for each such defense, identify all documents (by title, date, author, custodian and a summarization of contents) that you intend to use to support the defense, and all persons who have knowledge of facts supporting the defense.

**ANSWER:** Defendant objects on grounds that this Interrogatory improperly seeks attorney work-product and requires Defendant to draw legal conclusions. Without waiving these objections, *see* the Answer to Interrogatory No. 4, above. Furthermore, Defendant states that Plaintiff voluntarily went with Mr. Falcon to the command center. To the extent, if any, that Plaintiff contends that he was detained by the casino staff, such detention was pursuant to probable cause to believe that Plaintiff committed a theft. While in the command center, Plaintiff was handcuffed by the Baltimore City Police at the choice and discretion of the

Baltimore City Police. Defendant reserves the right to supplement this Answer as discovery is ongoing.

**INTERROGATORY NO. 17:** If you intend to rely upon any documents or other tangible things such as recording or video footage to support a position that you have taken or intend to take in this action, provide a brief description, by category and location, of all such documents and other tangible things, and identify all persons having possession, custody or control of them.

**ANSWER:** Defendant objects on grounds that this Interrogatory improperly seeks attorney work-product. Without waiving this objection, Defendant reserves the right to rely upon any and all documents exchanged in discovery.

**INTERROGATORY NO. 18:** If you contend that your agents or employees at no time deprived the Plaintiff of his liberty without the Plaintiff's consent and without legal justification, state concisely the facts upon which rely.

**ANSWER:** *See* Answer to Interrogatory No. 4 and No. 16, above. Defendant states that Plaintiff voluntarily went with Mr. Falcon to the command center. To the extent, if any, that Plaintiff contends that he was "deprived of his liberty" by the casino staff, such action occurred pursuant to probable cause to believe that Plaintiff committed a theft. Further, Plaintiff voluntarily accompanied casino personnel to the command center to discuss the issue of the payout ticket, and at no time was Plaintiff physically detained or restrained by Casino personnel. While in the command center, Plaintiff was handcuffed by the Baltimore City Police at the choice and discretion of the Baltimore City Police Department Officer. Defendant reserves the right to supplement this Answer as discovery is ongoing.

**INTERROGATORY NO. 19:** If you contend that the Plaintiff was free to leave the casino at all relevant times, state concisely the facts upon which you rely.

**ANSWER:** *See* Answer to Interrogatory No. 4, No. 16, and No. 18.

**INTERROGATORY NO. 20:** If you contend that your agents or employees did not deprive the Plaintiff of his personal liberty to leave the casino, state concisely the facts upon which you rely.

**ANSWER:** *See* Answer to Interrogatory No. 4, No. 16, and No. 18.

**INTERROGATORY NO. 21:** If you contend that your agents or employees had probably [sic] cause or other legal authority for the actions alleged in the Complaint, state concisely the facts upon which you rely.

**ANSWER:** Yes, Defendant does so contend. The contention is premised upon the initial identification of Plaintiff as the individual that took another patron's property. However, the identification was determined to be in error. *See* Answer to Interrogatory No. 4, No. 16, and No. 18.

**INTERROGATORY NO. 22:** Identify the name and address of the patron you contend lost the slot machine winnings ticket that your agents or employees claimed was stolen by the Plaintiff.

**ANSWER:** Natasha Hunter, 4926 Frankford Avenue, Baltimore, Maryland 21206.

**INTERROGATORY NO. 23:** Identify every person who was told any information about the Plaintiff and describe what each such person was told and by whom.

**ANSWER:** Defendant objects on grounds that an Interrogatory seeking the identification of "*every person who was told any information about the Plaintiff*" is overly broad and impermissibly seeks attorney-client communications. Without waiving these objections, *see* the Answer to Interrogatory No. 4 setting forth the Baltimore City Police and casino staff members who were involved in the subject occurrence.

**INTERROGATORY NO. 24:** Identify any policy or procedure of Defendant relating to the surveillance, identification, investigation, detention and arrest of casino patrons.

**ANSWER:** Policies and procedures for casino staff members will be produced subject to a mutually agreeable Stipulated Protective Order.

**INTERROGATORY NO. 25:** Identify any policy of procedure of Defendant relating to the selection, training, supervision, and retention of its security guards and surveillance personnel.

**ANSWER:** Policies and procedures for casino staff members will be produced subject to a mutually agreeable Stipulated Protective Order.

**INTERROGATORY NO. 26:** Describe all of the training that was provided to the individuals identified as John Doe No. 1 and John Doe No. 2 in the Complaint prior to the date of the incident alleged in the Complaint.

**ANSWER:** Defendants objects on grounds that this Interrogatory pertaining to *"all of the training,"* for any and all subject matters, is overly broad, fails to describe with reasonable particularity the information being sought, and seeks information not reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections, policies and procedures for casino staff members will be produced as set forth in Answer to Interrogatory No. 24 and No. 25, above.

**INTERROGATORY NO. 27:** What are the full names, home addresses, telephone numbers and email addresses of all persons with supervisory responsibility over John Doe No. 1 and John Doe No. 2 that were on duty at the time of the incident alleged in the Complaint.

**ANSWER:** John Falcon Pileri (5637 Govane Avenue, Baltimore, Maryland 21212) was the on-duty Security Supervisor. Mr. Pileri's supervisor was Jermaine Wright (2401 Gainsborough Ct., Apt. B, Parkville, Maryland 21234).

**INTERROGATORY NO. 28:** Identify every document which you refused to produce because you think it is subject to a privilege and provide a description of the document including the date prepared and the names and job positions, if any, of all recipients and state the basis for the privilege claim.

**ANSWER:** (Answer omitted as per Plaintiff's counsel's letter of May 17, 2017.)

# AFFIRMATION

I am duly authorized by CBAC Borrower, LLC, to execute these Answers to Interrogatories under oath on its behalf. Some of the information set forth in these answers was collected by others, and such information is not necessarily within my personal knowledge. However, on behalf of the Company, I affirm under penalty of perjury that the foregoing Answers to Interrogatories are true and accurate to the best of my knowledge, belief and information.

**CBAC BORROWER, LLC**

By: _____ Charles McGrady

Title: Director of Surveillance and Risk

9

_____
Robert L. Hebb (Fed Bar No. 23425)
James O. Spiker IV (Fed Bar. No. 30189)
Semmes, Bowen & Semmes
Suite 1400
25 South Charles Street
Baltimore, Maryland 21201
(410)539-5040
*Attorneys for Defendant, CBAC Borrower, LLC*

B1887090.DOC